# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |
|---|---|
| **RUBEN RIVERA MORENO**, | ) **D.C. CV. No. 2008-009** |
| Petitioner, | ) |
|  | ) Ref: D.C. CR. No. 1991-013 |
| v. | ) |
|  | ) |
| **GOVERNMENT OF THE VIRGIN ISLANDS**, | ) |
| Respondent. | ) |

# O R D E R

**THIS MATTER** is before the Court on a Ruben Rivera Moreno's Petition for Writ of Habeas Corpus pursuant to 5 V.I.C. §§ 1301-1325. After a trial by jury, Petitioner Moreno was found guilty of murder in the first degree in violation of 14 V.I.C. § 922(a)(1); receipt of a firearm by an indicted person in violation of 18 V.I.C. § 922(n); third degree assault 14 V.I.C. § 297(2); and possession of a firearm during the commission of a crime of violence 14 V.I.C. § 2253(a). Moreno was also indicted for escape from custody in violation 18 U.S.C. § 751(a). Moreno was sentenced to life imprisonment without parole. On January 20, 1993, the Court of Appeals for the Third Circuit ("Court of Appeals") affirmed Moreno's conviction. *United States v. Moreno*, 986 F.2d 1410 (3d Cir. 1993) (table).

In the instant petition, Moreno alleges that the jury instructions were improper, prejudicial, and plainly erroneous. Moreno further alleges actual juror bias, and manifest error in the court's decision not to remove a juror.

In 1984, when Congress restructured the Virgin Islands judicial system, it eliminated the District Court's territorial function and impliedly repealed its territorial habeas function. *Parrott v. Government of the Virgin Islands*, 230 F.3d 615, 621 (3d Cir. 2000) ("[B]ecause [4 V.I.C.] § 76(a) operates to divest the District Court of jurisdiction for all civil actions, including habeas proceedings, we hold that the correct forum for Parrott's habeas petition under 5 V.I. Code Ann. § 1303 is not the District Court but the [Superior] Court."). *Parrott* further explains that:

> Treating the Territorial Court as a successor court . . . is consistent with Congress's objective to eliminate the situation in which the District Court and the Territorial Court share jurisdiction over purely local matters. It also unifies in a single tribunal the review of habeas petitions initiated under territorial law for territorial law convictions.

*Parrott*, 230 F.3d at 624. For the reasons stated, this Court finds that the correct forum for the instant petition is the Superior Court of the Virgin Islands. *See also Callwood v. Enos*, 230 F.3d 627 (3d Cir. 2000); *Walker v. Gov't of the Virgin Islands*, 230 F.3d 82 (3d Cir. 2000).

Moreover, even if the Court were to construe the instant petition as one filed pursuant to 28 U.S.C. § 2255, it would be

untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended section 2255 to impose a one-year limitation period on the filing of section 2255 motions. Accordingly, the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In the context of a section 2255 motion, a judgment becomes final on the later of:

> (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or
>
> (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.

*See Kapral v. United States*, 166 F.3d 565, 570-71, 575, 577 (3d Cir. 1999) (holding that "the judgment of conviction does not become 'final' until the time for seeking certiorari review expires . . . [because] [o]nly when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence").

Having duly considered the premises, it is hereby

**ORDERED** that Moreno's Petition for Writ of Habeas Corpus pursuant to 5 V.I.C. §§ 1301-1325 is **DISMISSED** for lack of jurisdiction; and finally

**ORDERED** that the Clerk of Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this 2 day of March 2010.

**E N T E R:**

/s/
_____
**RAYMOND L. FINCH**
**CHIEF JUDGE**

**Copies to:**
George W. Cannon, Magistrate Judge
United States Attorney
Ruben Rivera-Moreno #295942, Wallens Ridge State Prison, P.O. Box 759, Big Stone Gap, VA 24219 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")